IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS RAY RIGSBY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-21-573-R |
| | ) |
| ADVANCED CORRECTIONAL | ) |
| MEDICAL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, a pretrial detainee appearing *pro se*, filed this action asserting violation of his constitutional rights by Defendant Advanced Correctional Medical.[1] The matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On August 13, 2021, Judge Purcell issued a Report and Recommendation wherein he recommended that the case be dismissed pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B), because Plaintiff failed to state a claim for relief. On August 16, 2021, Plaintiff filed an Amended Complaint. (Doc. No. 17). On August 26, 2021, Petitioner filed a timely objection to the Report and Recommendation. (Doc. No. 18) which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report and Recommendation to which Plaintiff made specific objection. Having conducted this *de novo* review the Court finds as follow.

---

[1] The pre-printed form 42 U.S.C. § 1983 Complaint indicates two defendants in the pre-numbered caption, (1) Advanced Correctional Medical and (2) Custer County Medical Provider. (Doc. No. 1). After reviewing the Complaint it appears to the undersigned that there is but a single Defendant, Advanced Correctional Medical, and that the additional information is meant simply as an identifier.

Plaintiff filed an initial complaint which was reviewed by Judge Purcell shortly after filing. Therein he alleges that his requests for medical care have been removed from the kiosk and that his request to see a doctor for his back has been denied. On July 23, 2021, Judge Purcell issued an Order identifying deficiencies in the Complaint and *sua sponte* granting Plaintiff leave to amend his pleading not later than August 6, 2021. In generating the Report and Recommendation Judge Purcell construed two documents filed by Plaintiff on August 11, 2021 as the amended complaint. After the Report and Recommendation was issued, the Court received an Amended Complaint from Plaintiff. The document, which arrived at the Court on August 16, 2021 showed it had been mailed on July 28, 2021—that is, prior to the August 6, 2021 deadline imposed by Judge Purcell's July 23, 2021 Order. Although the Court might ordinarily vacate the Report and Recommendation and re-refer the matter to Judge Purcell, the Amended Complaint largely tracks the two documents upon which Judge Purcell relied in assessing the validity of Plaintiff's claims.

In October 2020, the Tenth Circuit Court of Appeals clarified that pretrial detainee deliberate indifference claims related to medical care have both a subject and objective component. *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020).

> To state a cognizable claim, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001) (quoting *Estelle*, 429 U.S. at 106, 97 S.Ct. 285)). This standard includes both an objective component and a subjective component. *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "A medical need is [objectively] serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so

obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Clark*, 895 F.3d at 1267 (alteration in original and citation omitted). The subjective component requires Plaintiff to establish that a medical "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (alteration in original) (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970).

*Strain v. Regalado*, 977 F.3d 984, 989–90 (10th Cir. 2020), *cert. pending,* No. 20-1562 (May 11, 2021). Upon review of Plaintiff's allegations in the Complaint, the Amended Complaint and the two documents upon which Judge Purcell relied, the Court concludes Plaintiff has failed to allege sufficient facts to support a deliberate indifference claim.

Plaintiff's original Complaint includes the following requests: monetary relief and a request that he be sent to a back specialist for diagnosis and to see if he can be fixed, "to where if I am hard on my back I will not have think/memory issues/pain." (Doc. No. 1, p. 7)(cleaned up). In his "Motion to Submit Additional Information in Above Case Number," Plaintiff alleges that he has a right to be active, but that working out hurts his back. (Doc. No. 14). These are the most specific allegations regarding Plaintiff's back—if he is hard on his back he has issues with pain and his memory. As Judge Purcell concluded, these allegations are not sufficient to allege an objectively serious injury. Accordingly, the Court hereby adopts the Report and Recommendation as to Plaintiff's Fourteenth Amendment deliberate indifference claim.

Judge Purcell further recommended dismissal of Plaintiff's First Amendment claim, because Plaintiff failed to allege any harm from "Ana's" refusal to provide him with the name of the male nurse who allegedly refused to refer Plaintiff to an outside physician.

3

Nothing in Plaintiff's objection supports the conclusion that Judge Purcell's recommendation for dismissal is incorrect.

Finally, Judge Purcell recommended dismissal of Plaintiff's equal protection claim, because Plaintiff did not allege he was treated differently than other inmates with regard to medical care. In his objection Plaintiff argues, "[i]f the 'interpretation' being treated alike then I am there being many other people being mistreated due to wrong capitalism medical." (Doc. No. 18, p. 3)(cleaned up). Plaintiff then states that it is a violation of his human rights to deny medical treatment to inmates. These arguments support Judge Purcell's conclusion that Plaintiff has failed to state a claim for the violation of his equal protection rights as he argues that all inmates—that is those similarly situated to him—are denied access to medical care. Accordingly, the Report and Recommendation is adopted as to Plaintiff's equal protection claim.

Finally, in his objection to the Report and Recommendation Plaintiff requests that the Court appoint him counsel. (Doc. No. 18, p. 1). The Court hereby DENIES Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the Court evaluates the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and his ability to investigate the facts and present his claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 10th Cir. 1995). The Court

declines Plaintiff's request because he has not stated a claim for deliberate indifference, or for violation of his rights under the First Amendment or the equal protection clause.

For the reasons set forth herein, the Court hereby ADOPTS the Report and Recommendation and DISMISSES the Complaint and the Amended Complaint.

**IT IS SO ORDERED** this 21st day of September 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE